UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD BRYAN,

        Plaintiff,                    CIVIL ACTION NO. 13-CV-14624

    vs.                               DISTRICT JUDGE DENISE PAGE HOOD

RAYMOND BOOKER and          MAGISTRATE JUDGE MONA K. MAJZOUB
CHARLES SINCLAIR,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION:** The undersigned recommends that the Motion for Summary Judgment filed by Defendants Raymond Booker and Charles Sinclair (Docket no. 16) be **GRANTED** and that Plaintiff's Complaint be dismissed.

**II.    REPORT**:

This matter comes before the Court on the Motion for Summary Judgment filed by Defendants Raymond Booker and Charles Sinclair. (Docket no. 16.) Plaintiff has filed a response to the motion. (Docket no. 17.) All pretrial matters have been referred to the undersigned for action. (Docket no. 11.) The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.    Facts**

This is a *pro se* prisoner civil rights action filed by Plaintiff, Todd Bryan, a prisoner currently detained at the Marquette Branch Prison in Marquette, Michigan. (Docket no. 1.) Defendants, sued in their individual and official capacities, are Raymond Booker, who at all relevant times was employed by the Michigan Department of Corrections (MDOC) as Warden at the Detroit Reentry

Center, and is now retired, and Charles Sinclair, employed by the MDOC as Deputy Director of the Field Operations Administration (FOA). (*Id.* at 2; *See* Docket no. 16-2, Docket no. 16-3.) Plaintiff seeks damages and injunctive relief under 42 U.S.C. § 1983 for violation of his Eighth and Fourteenth Amendment rights. (*Id.* at 3-4, 6.)

Plaintiff alleges in his Complaint that Defendants violated his Eighth and Fourteenth Amendments rights when they (1) deprived him of psychological treatment despite his documented diagnosis of bipolar disorder, anxiety disorder, anti-social personality disorder, and stage II depression, and (2) subjected him to conditions requiring him to stand before "a massive group" and give a speech regardless of his phobia of doing so. (*Id.* at 3, 4.) Plaintiff further alleges that as a result of Defendants' conduct, he has suffered "anxiety, phobias, terror, melancholy, loss of sleep, loss of appetite, increased cortisol levels, deregulation of daily constitutionals[,] and permanent damage to stem cells in his hippocampus gland." (*Id.* at 5.)

**B.     Standard of Review**

Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). (Docket no. 16.) Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* In determining whether there are issues of fact for trial, the inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *United States v. Diebold,*

*Inc.*, 369 U.S. 654, 655 (1962). A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**C.    Analysis**

As an initial matter, the undersigned notes that "*[p]ro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citation omitted). It is through this prism that the Court views Plaintiff's Complaint. Plaintiff alleges that Defendants deprived Plaintiff of psychological treatment and subjected him to conditions of which he has phobias in violation of the Eighth Amendment. (Docket no. 1 at 3-4.) Plaintiff further alleges that Defendants' same conduct was a violation of the Fourteenth Amendment. (*Id.* at 4-5.) Defendants contend that Plaintiff has failed to show that Defendants violated a clearly established statutory or constitutional right. (Docket no. 16 at 4.) Defendants maintain that because neither Defendant had contact with the Plaintiff, or received any communication from Plaintiff, they had no personal involvement regarding the allegations made in Plaintiff's Complaint. (*Id.* at 7.) Finally, Defendants assert that they are entitled to qualified immunity. (*Id.* at 8.)

    **1.    Defendants' Personal Involvement**

Defendants Booker and Sinclair contend that they are entitled to summary judgment because they had no personal involvement regarding Plaintiff's allegations. (*See* docket no. 16.) It is a well-established principle that § 1983 liability cannot be based on a mere failure to act or on a theory of respondeat superior. *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206-07 (6th Cir. 1998). Rather, a

3

supervisor must have "'either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must allege that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982)). Thus, to state a plausible claim for relief, a plaintiff must allege that each defendant was personally involved in, or otherwise condoned, encouraged, or knowingly acquiesced in the alleged misconduct. *Id.*

Defendant Booker maintains that he had no personal involvement because, although he was the head of administrative staff and was responsible for overall prison operations, (1) he did not have access to prisoner medical records, and (2) he was never made aware of Plaintiff's alleged fear of public speaking or medical and mental health conditions. (Docket no. 16.) Plaintiff has not alleged any facts to the contrary. Plaintiff's contention in his Response to Defendants' Motion is that Defendant Booker is prohibited from imposing conditions that intentionally cause emotional distress. (Docket no. 17 at 6.) However, Plaintiff has not pleaded, or submitted any evidence to the Court to support the assertion, that Defendant Booker imposed conditions that intentionally caused Plaintiff's emotional distress. (*Id.*)

Defendant Sinclair also urges that he had no personal involvement in causing Plaintiff's alleged injuries. (Docket no. 16 at 7.) Defendant Sinclair maintains that although he is the Deputy Director of the FOA, he is not involved in any day-to-day decisions, he has no access to prisoner medical records, and that he has no record of any communication from Plaintiff. (*Id.*) Plaintiff argues in his Response to Defendants' Motion that "[Defendant Sinclair] was or should have been aware," because as Deputy Director of FOA, Defendant is responsible for all investigations. (Docket no. 17

at 5.) Plaintiff contends Defendant Sinclair failed to investigate Plaintiff's medical condition. (*Id.*) Plaintiff's argument lacks merit.

Plaintiff has provided no evidence to suggest that Defendants ever personally deprived him of psychological treatment or personally subjected him to public speaking. Further, Plaintiff has failed to provide any evidence to the Court to demonstrate that either Defendant "authorized, approved, or knowingly acquiesced in the unconstitutional conduct." Accordingly, the Court should dismiss Plaintiff's claims against Defendants.

### 2.     **Qualified Immunity**

Defendants contend that they are entitled to qualified immunity as to claims asserted against them in their official capacities. (Docket no. 16.) The Sixth Circuit has set forth a three-step inquiry to determine whether a defendant is entitled to qualified immunity: "First, we determine whether a constitutional violation occurred; second, we determine whether the right that was violated was a clearly established right of which a reasonable person would have known; finally, we determine whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights." *Williams v. Mehra*, 186 F.3d 685, 690 (6th Cir. 1999).

Qualified immunity, however, is best addressed after determining whether a plaintiff has stated a constitutional claim upon which relief can be granted: "[T]he better approach to resolving cases in which the defense of qualified immunity is raised is to determine first whether the plaintiff has alleged a deprivation of a constitutional right at all.  Normally, it is only then that a court should ask whether the right allegedly implicated was clearly established at the time of the events in question." *County of Sacramento v. Lewis*, 523 U.S. 833, 842 n.5 (citing *Siegert v. Gilley*, 500 U.S.

226, 232 (1991)). Therefore, because the Court recommends dismissing Plaintiff's claims against Defendants for lack of personal involvement, the Court will not address Defendants' assertion of qualified immunity.

**D.     Conclusion**

For the reasons stated above, Defendants' Motion for Summary Judgment should be granted, and Plaintiff's claims should be dismissed.

**III.     NOTICE TO PARTIES REGARDING OBJECTIONS**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1,"

"Response to Objection #2," etc.

Dated: July 30, 2014          s/ Mona K. Majzoub
                                       MONA K. MAJZOUB
                                       UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

       I hereby certify that a copy of this Report and Recommendation was served upon Todd Bryan and Counsel of Record on this date.

Dated: July 30, 2014          s/ Lisa C. Bartlett
                                       Case Manager